O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Complaint of CITY OF HUNTINGTON BEACH, as Owner of SENTINEL II, a 29.5 foot, 1982 Crystaliner bearing Hull Identification Number CRUR 00080982<br><br>Petitioner. | CASE NO. SACV 10-641-JST (RNBx)<br><br>*IN ADMIRALTY*<br><br>**ORDER GRANTING CLAIMANTS' MOTION FOR SUMMARY JUDGMENT** |

## I. Background

Petitioner City of Huntington Beach ("Petitioner") filed this action pursuant to the Limitation of Liability Act ("the Act"), 46 U.S.C. §§ 30501 *et seq.* Petitioner seeks to limit its liability arising out of a July 14, 2009, collision between Petitioner's vessel, the "Sentinel II," and Allyssa Squirrell, which resulted in her death. (Compl. ¶ 6.) On November 10, 2010, the Court granted Petitioner's request for (1) an order directing the issuance of notice to potential claimants regarding the limitation of liability action, and (2) an order enjoining and staying the commencement or further prosecution, except in this Court, of any and all claims, actions, suits, or legal proceedings against Petitioner and its officers, employees, properties (including its vessels), insurers, underwriters, and any other person or entity which could assert an indemnity claim against the Petitioner, arising from the July 14, 2009 collision. (Docs. 23, 24.) Claimants Rick and Pamela Squirrell ("Claimants"), the parents of decedent Allyssa Squirrell, filed an answer on February 11, 2011, and filed four motions on February 14, 2011: (1) Motion to Dismiss for Lack of Jurisdiction (Doc. 35); (2) Motion to Dismiss for Failure to State a Claim, or in the alternative for Judgment on the Pleadings, or in the alternative for Summary Judgment (Doc. 37); (3) Motion to Stay the Case (Doc. 39); and (4) Motion to Deposit Funds (Doc. 41). Having read the papers submitted by the parties and heard oral argument, the Court DENIES Claimants' Motion to Dismiss for Lack of Jurisdiction. Finding that the Court has jurisdiction, the Court DENIES Claimants' Motion to Dismiss for Failure to State a Claim, DENIES Claimants' Motion for Judgment on the Pleadings, and GRANTS Claimants' Motion for Summary Judgment. The Court DENIES as MOOT Claimants' Motion to Stay and Motion to Deposit Funds.

## II. Motion to Dismiss for Lack of Subject Matter Jurisdiction

### A. Legal Standard

When a motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving that the court has subject matter jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *overruled on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). When considering a motion to dismiss under Rule 12(b)(1), the Court is not restricted to the pleadings and may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

### B. Discussion

The Court has admiralty jurisdiction over a tort case when two conditions are met. *Taghadomi v. United States*, 401 F.3d 1080, 1084 (9th Cir. 2005). "First, the tort must occur on or over navigable waters; this is the 'locality' or 'situs' test." *Id.* "Second, the actions giving rise to the tort claim must 'bear a significant relationship to traditional maritime activity.' This is the 'nexus' or 'relationship' test." *Id.* (quoting *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 268 (1972)). Contrary to Claimants' arguments, both of these conditions are met in this case.

### i. Locality Test

In the Ninth Circuit, "the situs of a tort for the purpose of determining admiralty jurisdiction is the place where the injury occurs." *Taghadomi*, 401 F.3d at 1084 (citing *Solano v. Beilby*, 761 F.2d 1369, 1371 (9th Cir. 1985)). This is true, even if some of the negligent activity occurs on land. *Id.* Moreover, under the Admiralty Extension Act, "[t]he admiralty and maritime jurisdiction of the United States extends to and includes cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land." 46 U.S.C. §

1  30101(a).  Here, Claimants concede that the locality test is met, because they admit that the
2  lifeguard boat in question was a "vessel" and that decedent was injured in "navigable
3  waters."  (Doc. 36 at 8.)

### ii.  Nexus Test

As set forth by the Supreme Court, the nexus test is, itself, a two-part inquiry:

> A court, first, must assess the general features of the type of incident involved, to determine whether the incident has a potential disruptive impact on maritime commerce.  Second, a court must determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity.

*Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995) (internal quotation marks and citations omitted).  When assessing the "general features of the type of incident involved," *id*. at 534, a court is to use a "description of the incident at an intermediate level of possible generality."  *Id.* at 538.

Claimants argue that, due to the location of the incident in question, there could be no potential disruptive impact on maritime commerce.  In other words, claimants ask the Court to describe the incident as injury to swimmers by a vessel, while swimming in an area of water that is generally off-limits to motorized vessels, boats, or personal watercraft.[1]  (Doc. 36 at 11-13.)  The Court concludes, however, that Claimants'

---

[1] Claimants appear to misunderstand the test, arguing in their Reply that "the best evidence that there was no realistic *potentially* disruptive impact on maritime commerce under the circumstances is that there *was* no *actual* disruptive impact on maritime commerce caused by the
    (footnote continued)

4

description goes to the "particular facts of the incident" and not the "general features" as set forth by the Supreme Court in both *Grubart* and *Sisson*. *See Grubart*, 513 U.S. at 538-39; *Sisson v. Ruby*, 497 U.S. 358, 363 (1997). Instead, the Court concludes that a description using an intermediate level of generality might be something such as "injury to swimmers by vessels as a result of negligence in navigating the vessel or planning a navigational route." *See Taghadomi*, 401 F.3d at 1086. The ability of boaters to navigate vessels or those who are planning navigational routes to determine where those vessels should be has a direct effect on vessels and seamen. Indeed, "[t]he fundamental interest giving rise to maritime jurisdiction . . . cannot be fully vindicated unless '*all* operators of vessels on navigable waters are subject to uniform rules of conduct.'" *Sisson*, 497 U.S. at 367 (quoting *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 675 (1982)). Therefore, the Court holds that the first part of the nexus inquiry is met.

"The second inquiry within the nexus test requires [the Court] to decide whether the 'general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity.'" *Taghadomi*, 401 F.3d at 1086 (quoting *Grubart*, 513 U.S. at 534). In this case, Claimants have made no argument regarding this prong, conceding that their motion is based on the lack of potential disruptive impact on maritime commerce. (Doc. 58 at 3-4.) Here, the Court concludes that the general character of the activity giving rise to the incident is the navigation of boats in navigable waters, which the Supreme Court has found "clearly falls within the substantial relationship." *Grubart*, 513 U.S. at 540. Therefore, the Court concludes that it has subject matter jurisdiction over the action, and DENIES Claimants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.

---

accident in which [the decedent] was killed." (Doc. 58 at 10.) As the Court sets forth above, the Supreme Court precedents clearly state that one must use an intermediate level of generality in describing the incident at issue when determining whether the incident could potentially disrupt maritime commerce.

**III.   Motion to Dismiss for Failure to State a Claim, Motion for Judgment on the Pleadings, Motion for Summary Judgment**

Claimants argue for dismissal pursuant to Rule 12(b)(6), or judgment on the pleadings pursuant to Rule 12(c), or summary judgment pursuant to Rule 56. Claimants contend that these motions should be granted because (1) Petitioner failed to file this limitation of liability action within the required statute of limitations and (2) Petitioner had privity or knowledge with respect to its own negligence in connection with the accident in question. The Court concludes that, on the basis of extrinsic evidence, Petitioner failed to file this action within the required statute of limitations, and thus the Court GRANTS Claimants' Motion for Summary Judgment.

**A. Legal Standards**

**i.   Motion to Dismiss for Failure to State a Claim – Rule 12(b)(6)**

When evaluating a Rule 12(b)(6) motion, the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin*, 262 F.3d 871, 877 (9th Cir. 2001). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949 (2009). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks and citation omitted).

### ii. Motion for Judgment on the Pleadings – Rule 12(c)

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "functionally identical" to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6); therefore, the same legal standard applies to both motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Judgment on the pleadings is therefore appropriate only "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997) (citation omitted).

### iii. Motion for Summary Judgment – Rule 56

In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is "material" when its resolution might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular materials in the record or showing that the materials

cited do not establish that absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1). Reference to the record may include citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set out specific facts showing a genuine issue for trial. *Id.* "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal quotation marks and citations omitted).

### B.  Discussion

Claimants argue that Petitioner filed its limitation of liability action beyond the statute of limitations. The relevant statute states that a civil action for limitation of liability "must be brought within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30511(a). Here, Petitioner filed its Complaint on May 12, 2010, and alleged in its Complaint that "Claimants filed and served their initial written Notice of Claim on [Petitioner] on *November 12, 2009.*" (Doc. 1 ¶ 11.) Therefore, on the face of the pleadings, Petitioner has complied with the six month statute of limitations set forth in 46 U.S.C. § 30511(a).[2] Therefore, the Court DENIES Claimants' Motion to Dismiss pursuant

---

[2] Claimants attempt to introduce additional facts to support their statute of limitations argument through a request for judicial notice. "Generally a court may not consider material beyond the complaint in ruling on a [Rule] 12(b)(6) motion." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). "A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," however, as
  (footnote continued)

8

1  to Rule 12(b)(6) and Claimants' Motion for Judgment on the Pleadings pursuant to Rule
2  12(c).
3        Claimants submitted, however, two emails sent prior to the filing of their claim,
4  which they argue constitute "written notice" under 46 U.S.C. § 30511(a). "If, on a motion
5  under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not
6  excluded by the court, the motion must be treated as one for summary judgment under
7  Rule 56." Fed. R. Civ. P. 12(d). Because the Court relies on these emails, the Court treats
8  the motion as one for summary judgment under Rule 56.
9        It is undisputed that, if either of these emails constitutes written notice under the
10 statute, Petitioner's action is outside the statute of limitations. There appear to be two
11 similar methods for determining the sufficiency of a notice of claim under § 30511. First,
12 "[n]otice will be sufficient if it informs the vessel owner of an actual or potential claim . . .
13 which may exceed the value of the vessel . . . and is subject to limitation." *Paradise*
14 *Divers, Inc. v. Upmal*, 402 F.3d 1087, 1090 (11th Cir. 2005) (per curiam) (quoting *Doxsee*
15 *Sea Clam Co. v. Brown*, 13 F.3d 550, 554 (2d Cir. 1994)) (noting that this standard was
16 also adopted by the Seventh Circuit). Second, "sufficiency is found in many district court
17 cases" when the writing "(1) demand[s] a right or supposed right; (2) blame[s] the vessel
18 owner for any damage or loss; and (3) call[s] upon the vessel owner for anything due to the
19 claimant." *Id.* (citing *Rodriguez Moreira v. Lemay*, 659 F. Supp. 89, 91 (S.D. Fla. 1987)).

---

long as the noticed facts are not "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).
      Under Federal Rule of Evidence 201, a trial court must take judicial notice of facts "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). A fact is appropriate for judicial notice if it is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Here, the facts Claimants rely on to establish that "written notice" was given to Petitioner before November 12, 2009 come from a declaration and email attachments written by Claimants' attorney. These are not facts that are appropriate for judicial notice, and the Court DENIES Claimants' request.

9

1 The Court concludes that the second email, sent by Claimants to Petitioner on November 10, 2009, was notice of a claim sufficient to trigger the six-month limitations period of § 30511.

Claimants' email made specific reference to the filing of a claim against Petitioner, "I will hand serve my claim on Thursday . . . ." (Doc. 45, Ex. C.) While the details of the incident are not mentioned in great detail, it is clear from the email, which asks about the status of an accident report about the incident in which Claimants' daughter was killed, that the claim was related to her death. Notice of a potential claim by parents for the wrongful death of their eleven-year-old daughter was sufficient to inform Petitioner of the reasonable possibility that a substantial damages claim for negligence or wrongful death in excess of $26,000 would be brought by Claimants. *See Doxsee Sea Clam*, 13 F.3d at 554-55. Even if the Court were to conclude that the email was ambiguous as to the amount that would be sought by Claimants, "the burden to seek clarification falls upon [Petitioner]." *Id.* at 555 (citing *In re Allen N. Spooner & Sons, Inc.*, 253 F.2d 584, 586-87 (2d Cir. 1958) (Hand, J., concurring) ("[I]t is indeed reasonable to require [petitioner] to make the claimant define his position . . . . That ought to throw upon the owner the risk that the claimant would in fact assert the claim which he spoke of only as possible."). Finally, a claim for wrongful death resulting from a collision with a vessel in navigable waters is a claim subject to the limitation. 46 U.S.C. § 30505(b) ("Unless otherwise excluded by law, claims, debts, and liabilities subject to limitation under subsection (a) are those arising from . . . any loss, damage, or injury by collision . . . ."). Therefore, the Court concludes that the November 10, 2009 email was written notice sufficient to trigger the six-month limitations period of § 30511.[3]

---

[3] In both its Opposition brief and at oral argument, Petitioner argued that because Petitioner is a public entity, in order to trigger the six-month limitation in § 30511, Claimants' written notice also needed to comply with the written notice requirements of the California Tort Claims Act, Cal. Gov't Code § 910. Petitioner can point to no cases that support the proposition of any "interplay" between these two laws. As noted by Justice Black in *Maryland Casualty Co. v. Cushing*, 347
   (footnote continued)

The Court notes that Petitioner requested a ninety (90) day continuance of Claimants' Motion for Summary Judgment to allow Petitioner to conduct discovery relevant to its opposition. (Doc. 56-6.) The discovery Petitioner seeks to conduct, however, relates to "marine safety and privity of knowledge and will." (*Id.* ¶ 3.) The Court does not see how this discovery is relevant to whether Claimants' November 10, 2009 email constituted a notice sufficient to trigger the six-month limitations period of 46 U.S.C. § 30511. Therefore, Petitioner's request is DENIED.

The Court also OVERRULES Petitioner's evidentiary objections to the November 10, 2009 email as "hearsay" and "lack[ing] foundation." (Doc. 56-2 ¶ 17.) The Court concludes that the email is not hearsay, as it is not admitted for the truth of the matter, but rather to establish that a written claim, sufficient to trigger the six-month limitations period, was received by Petitioner. The Court also concludes that the Chambers declaration establishes foundation, because Chambers declares, based on his personal knowledge, that he wrote and sent the email on November 10, 2009. (Doc. 45 ¶ 6.)

---

U.S. 409 (1954), "Judicial expansion of the Limited Liability Act at this date seems especially inappropriate." *Id*. at 437; *see also Esta Later Charters, Inc. v. Ignacio*, 875 F.2d 234, 238-39 (9th Cir. 1989) (rejecting an expansion of the Limited Liability Act's six-month limitation period).

## IV. Conclusion

For the foregoing reasons, the Court DENIES Claimants' Motion to Dismiss for Lack of Jurisdiction; Claimants' Motion to Dismiss for Failure to State a Claim; and Claimants' Motion for Judgment on the Pleadings. The Court GRANTS Claimants' Motion for Summary Judgment on the basis that the action was filed beyond the requisite statute of limitations. The Court DENIES as MOOT Claimants' Motion to Stay and Motion to Deposit Funds. The Injunction issued in this case on or about November 10, 2010 is DISSOLVED immediately.

DATED: April 4, 2011    **JOSEPHINE STATON TUCKER**
UNITED STATES DISTRICT JUDGE